UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**EVELYN W. HANKS, ET AL.**     *     CIVIL NO. 6:10cv0560

**VERSUS**     *     JUDGE DOHERTY

**WARREN R. PHILIPS, ET AL**     *     MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim filed by defendants, Warren R. Philips, Jason Myatt, Martin Miller, James L. Pavitt, John W. Cooney, Dan K. McNeill, Gregory Johnson, Dell Dailey, Richard Greco, Jr., John Quaranta, and Roger P. Baresel, on August 20, 2010 [rec. doc. 22].[1] Plaintiffs, Evelyn W. Hanks, Stephen Hanks, Jack Cormier, Joseph Young, Glenda Young, Stanton Bujard, Personal Communications Repair, Inc., Andre P. Naquin, John K. Olivier, Brynne Scott, John Perry Scott, Brenda Scott, and Robbie Leyva, have filed opposition. [rec. doc. 30]. Defendants filed a reply brief. [rec. doc. 37]. On November 9, 2010, the undersigned held oral argument in open court, after which I took the motion under advisement. For the following reasons, the undersigned

---

[1] By Judgment dated November 5, 2010, Judge Doherty dismissed all claims filed by plaintiffs against defendants Jason Myatt, Martin Miller, James L. Pavitt, John W. Cooney, Dan K. McNeill, Gregory Johnson, Dell Dailey, Richard Greco, Jr., and Roger P. Baresel. Thus, claims remain pending only as to defendants Warren R. Philips ("Philips"), John Quaranta ("Quantara"), and Navigators Insurance Company ("Navigators").

recommends that this matter be **TRANSFERRED** to the United States District Court for the Southern District of Florida.[2]

## Background

Plaintiffs, who are residents of Louisiana and Texas, purchased Advanced Blast Protection, Inc. ("ABP") bridge notes from defendants, the majority of whom are Florida residents and were officers and/or directors of ABP.[3] The sales of the ABP bridge notes were made through Placement Agent Brookstone Securities, Inc. ("Brookstone") and its Louisiana branch office between June, 2008 and January, 2009. Plaintiffs' total purchases amounted to $1,040,000. [rec. doc. 17, ¶ 30].

To participate in the investments, each of the plaintiffs submitted a Subscription Agreement ("Agreement") and Confidential Investor Questionnaire to Brookstone, which then submitted the documents to ABP. The Agreement

---

[2] While the motion filed by the defendants seeks dismissal of this action because venue in this court is improper, at oral argument, counsel for movants acknowledged the transfer of this case to the Southern District of Florida was a proper remedy.

[3] In deciding a Rule 12(b)(6) motion to dismiss, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (*citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert denied,* 552 U.S. 1182, 128 S.Ct. 1231, 170 L.Ed. 2d 63 (2008).

contained the following forum selection clause:

> IN THE EVENT THAT A JUDICIAL PROCEEDING IS NECESSARY, THE EXCLUSIVE FORUMS FOR RESOLVING DISPUTES ARISING OUT OF OR RELATING TO THIS AGREEMENT ARE EITHER THE STATE COURTS OF THE STATE OF FLORIDA LOCATED IN MIAMI-DADE COUNTY OR THE FEDERAL COURTS FOR SUCH STATE AND COUNTY, AND ALL RELATED APPELLATE COURTS, THE PARTIES HEREBY IRREVOCABLY CONSENT TO THE JURISDICTION OF SUCH COURTS AND AGREE TO SAID VENUE.

[rec. doc. 22, Exhibit L1-12, Agreement, § 4.4).

When the notes matured in April, 2009[4], ABP was unable to return principal or pay interest. [rec. doc. 17, ¶ 29]. In November, 2009, ABP entered into Chapter 11 bankruptcy, which action is currently pending in the United States Bankruptcy Court for the Southern District of Florida. [rec. doc. 17, ¶ 29]

On March 5, 2010, plaintiffs filed suit against defendants in the 15th Judicial District Court, Parish of Lafayette, State of Louisiana, asserting violations of Louisiana's Blue Sky Laws, LA. REV. STAT. §§ 51:701 *et seq.*, and negligence. Defendants removed the action to this Court on April 8, 2010, on the basis of diversity jurisdiction. On July 7, 2010, plaintiffs filed an amended Complaint, in which they dropped the anti-fraud and negligence claims, and instead sought to

---

[4] The notes were originally due on December 15, 2008, but ABP sought extensions until April, 2009.

rescind the purchase of the bridge notes.[5] [rec. doc. 17].

In the instant motion, defendant seeks to dismiss this action on the grounds that: (1) this Court lacks personal jurisdiction over defendants; (2) venue is improper, and (3) plaintiffs' claim is baseless. Because the undersigned finds that venue is improper, I recommend that this case be **TRANSFERRED** to the federal court in the Southern District of Florida.[6]

## LEGAL ANALYSIS

Defendants argue that the Complaint must be dismissed for improper venue because the Agreement contains a mandatory forum selection clause requiring venue for any action relating to the Agreement in the state or federal court located in Miami-Dade County, Florida.

It is well-settled that federal law, not state law, governs the enforceability of a forum selection clause, even when the federal court deciding the issue is sitting in diversity. *Ginter v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008); *Joe Palermo Const. Corp. v. Praetorian Specialty Ins. Co.*, 2009 WL 1530602 (W.D. La. May 28, 2009) (Doherty, J.). Under federal law, forum

---

[5] Plaintiffs alleged that the sales were unlawful because the securities (bridge notes) were unregistered and not subject to a legal exemption from registration.

[6] Because I recommend that this case be transferred, it is not necessary to address the remaining arguments.

selection clauses are *prima facie* valid and should be enforced. *Id.* at 441 (*citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972)). The party resisting enforcement bears a "heavy burden of proof." *Id*.

In cases such as this one, where a litigant in federal court attempts to have a case dismissed based on a contractual provision requiring suit to be filed in state court, the forum-selection clause should be upheld unless the party opposing its enforcement can show that the clause is unreasonable. *Id*. Unreasonableness potentially exists where: (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (*citing Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528, 113 L.Ed.2d 1697 (1991)).

Here, plaintiffs argue that enforcing the forum selection clause in the Agreement would be unreasonable because: (1) Louisiana has a strong public

5

policy interest in adjudicating disputes that involve Louisiana securities transactions in which Louisiana residents were targeted and adversely affected; (2) requiring plaintiffs to litigate in Florida would result in "grave inconvenience and unfairness," because they did not negotiate for the convenience of the selected forum, have no connection to the selected forum, did not travel to the selected forum in connection with the purchase of the bridge notes, and do not have the means to prosecute this suit in Florida, and (3) the interest of justice requires that this action remain in Louisiana, so that plaintiffs may continue a single action against Philips, Quantara and Navigators.

There is no proof of fraud or overreaching.  One of the defendants traveled to Louisiana to, apparently, market the bridge loans here.  The forum selection clause was clearly displayed; there is no allegation that any plaintiff was misled as to the effect of the clause.

While it is true that Louisiana has a strong policy interest in adjudicating disputes that involve security transactions in which Louisiana residents are affected, Florida has a similar interest in adjudicating claims made against its domiciliary corporations.  Under traditional choice of laws analysis, a federal court sitting in Florida can apply Louisiana law if required.

The argument that the plaintiffs will sustain grave inconvenience if forced to litigate this case in Florida is belied by the fact that these claimants are, apparently, currently litigating against ABT in Bankruptcy Court in Miami.

Finally, the plaintiffs have made no showing that the interest of justice requires that this case remain in this Court.  In fact, the interests of justice require transfer.  ABP is currently in Chapter 11 bankruptcy, which proceedings are pending in Florida.  For the convenience of all parties and in the interest of judicial economy, it would be more efficacious for all claims to be pursued in Florida, where the creditors committee is already litigating claims against ABP's directors and officers on behalf of all creditors, including plaintiffs.  Any claims of the violation of the Louisiana Blue Sky laws can be adjudicated in that forum.  Thus, I find that this case should be transferred to federal court in Florida.[7]

The undersigned's review of the Agreement's forum selection clause reveals no ambiguity in the interpretation of the language of the choice of forum

---

[7]The authority to transfer this case is found in 28 U.S.C. § 1404, which provides as follows: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."
"(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district."

provision.  I find that the only reasonable interpretation is that proper venue lies in the state or federal court in Miami-Dade County, Florida.  Plaintiffs have failed to sufficiently prove that the enforcement of the choice of forum provision would be unreasonable due to fraud or overreaching.  Clearly, plaintiffs have failed to carry their "heavy burden."

Accordingly, I find that the choice of forum provision validly contracts for venue in Florida.

## Conclusion

Based on the foregoing reasons, I recommend that the Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim [rec. doc. 22] be **GRANTED IN PART AND DENIED IN PART**, and that this action be **TRANSFERRED** to the U.S. District Court for the Southern District of Florida.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to

furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED. R. CIV. P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

November 29, 2010, Lafayette, Louisiana.

*[signature: C. Michael Hill]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE